**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 04-4921**

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JUAN MARTIN HERNANDEZ-HERNANDEZ,

Defendant - Appellant.

———————

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Malcolm J. Howard, District Judge. (CR-04-134)

———————

Submitted: August 15, 2005          Decided: September 27, 2005

———————

Before WILKINSON, WILLIAMS, and TRAXLER, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant. Frank D. Whitney, United States Attorney, Anne M. Hayes, Christine Witcover Dean, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Juan Martin Hernandez-Hernandez pled guilty to one count of illegal reentry by a deported aggravated felon, 8 U.S.C. § 1326(a) (2000), and was sentenced to forty-one months imprisonment. He appeals, claiming that the district court erred in applying the federal sentencing guidelines as mandatory in violation of United States v. Booker, 125 S. Ct. 738 (2005). Finding no error, we affirm.

The indictment alleged that Hernandez-Hernandez had been convicted in March 2001 in Texas state court of aggravated sexual assault of a child. At sentencing, the district court increased Hernandez-Hernandez's base offense level by sixteen levels because the Texas conviction constituted a crime of violence within the meaning of U.S. Sentencing Guidelines Manual § 2L1.2(b)(1)(A)(ii) (2002). After a three-level reduction for acceptance of responsibility, Hernandez-Hernandez's total offense level was determined to be thirteen. With a criminal history category of II, the resulting guidelines range was forty-one to fifty-one months imprisonment; the district court imposed a sentence at the bottom of the range. The court also announced an alternative sentence of four years, pursuant to this court's decision in United States v. Hammoud, 378 F.3d 426 (4th Cir.) (order), opinion issued by 381

- 2 -

F.3d 316 (4th Cir. 2004) (en banc), <u>vacated</u>, 125 S. Ct. 1051 (2005).

Hernandez-Hernandez's only argument on appeal is that the district court erred by treating the sentencing guidelines as mandatory in determining his sentence. Hernandez-Hernandez does not challenge any enhancements to his sentence. Under <u>Booker</u>, in reviewing sentences that do not involve a Sixth Amendment violation, this court applies the harmless error doctrine in determining whether resentencing is required. <u>Booker</u>, 125 S. Ct. at 769. The harmless error standard permits an error at sentencing to be disregarded if the reviewing court is certain that any such error "did not affect the district court's selection of the sentence imposed." <u>Williams v. United States</u>, 503 U.S. 193, 203 (1992). Here, because the district court imposed an alternate discretionary sentence that was actually higher than the guideline sentence, the error inherent in the application of the guidelines as mandatory did not affect the court's ultimate determination of Hernandez-Hernandez's sentence. Accordingly, we affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>